IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK S. BUZA, et al., | No. 10-04604 CW |
|     Plaintiffs, | ORDER GRANTING APPLICATION FOR IN FORMA PAUPERIS AND DISMISSING COMPLAINT WITHOUT PREJUDICE TO REFILING IN THE EASTERN DISTRICT OF CALIFORNIA |
|   v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, | |
|     Defendant. | |

Plaintiff Mark S. Buza applies for leave to proceed <u>in forma pauperis</u> (IFP). The matter was decided on the papers. Having considered all of the papers filed by Plaintiff, the Court GRANTS the application to proceed IFP and dismisses the complaint without prejudice to refiling in the Eastern District of California.

DISCUSSION

A court may authorize a plaintiff to prosecute an action in federal court without prepayment of fees or security if the plaintiff submits an affidavit showing that he or she is unable to pay such fees or provide such security. <u>See</u> 28 U.S.C. § 1915(a). Plaintiff has submitted the required documentation, and it is evident from his application that his assets and income are insufficient to enable him to prosecute the action. Accordingly, the application to proceed without the payment of the filing fee is

GRANTED.

The Court's grant of Plaintiff Mark S. Buza's application to proceed IFP, however, does not mean that he may continue to prosecute his complaint.  A court is under a continuing duty to dismiss a case filed without the payment of the filing fee whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).  Because a dismissal pursuant to § 1915(e)(2)(B) is not a dismissal on the merits, but rather an exercise of the court's discretion under the IFP statute, the dismissal does not prejudice the filing of a paid complaint making the same allegations.  Denton v. Hernandez, 504 U.S. 25, 32 (1992).

The complaint contains the following allegations.  Plaintiff Buza was an inmate at High Desert State Prison located in the Eastern District of California.  Plaintiff is the founder of purported co-Plaintiff National Psychoanalytic Socialist Movement (NPSM).  During his incarceration, Plaintiff attempted to mail political fliers on behalf of himself and NPSM.  Defendant California Department of Corrections and Rehabilitation (CDCR) designated this mail as gang material and refused to process it.  NPSM was labeled a gang and Buza was labeled a gang member.

Based on these allegations, Plaintiffs allege civil rights claims based on the First, Fourth and Fourteenth Amendments, 42 U.S.C. § 1983 (violation of civil rights), 42 U.S.C. § 1985 (conspiracy to interfere with civil rights), 18 U.S.C. § 1701

2

1  (obstruction of mails), and 18 U.S.C. § 1702 (obstruction of
2  correspondence).  Plaintiffs seek compensatory and punitive
3  damages.
4      Plaintiff NPSM cannot be represented by Plaintiff Buza, a non-
5  lawyer, if in fact it is a corporation or other entity that can
6  legally sue and be sued.
7      Plaintiff Buza's last two claims for obstruction of mails and
8  obstruction of correspondence are based on criminal statutes which
9  do not create private civil causes of action.  Therefore, these
10 claims are dismissed.
11     Plaintiff Buza's remaining civil rights claims must be
12 dismissed because the CDCR cannot be sued for civil rights
13 violations.  The Eleventh Amendment bars from the federal courts
14 suits against a state by its own citizens, citizens of another
15 state or citizens or subjects of any foreign state.  Atascadero
16 State Hosp. v. Scanlon, 473 U.S. 234, 241 (1985).  This Eleventh
17 Amendment immunity also extends to suits against a state agency.
18 Allison v. California Adult Authority, 419 F.2d 822, 823 (9th Cir.
19 1969) (California Adult Authority and San Quentin Prison not
20 persons within meaning of Civil Rights Act).  The CDCR is a state
21 agency that is immune from suit.  Therefore, the claims against it
22 must be dismissed.
23     However, Plaintiff Buza may be able to state civil rights
24 claims against the individuals at High Desert State Prison who
25 allegedly violated his civil rights.  An individual defendant is
26 liable for money damages under § 1983 if the defendant personally
27 participated in or otherwise proximately caused the
28

**United States District Court**
For the Northern District of California

unconstitutional deprivations of which the plaintiff complains. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

However, because the individuals whom Plaintiff could sue are employees of High Desert State Prison which is located in the Eastern District of California and, because the events giving rise to Plaintiff's claims occurred in that district also, venue is proper in the Eastern District of California. See Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986) (venue may be raised by court sua sponte where defendant has not yet filed a responsive pleading and time for doing so has not run). Therefore, if Plaintiff Buza chooses to file suit against individual defendants, he must do so in the Eastern District of California.

Accordingly, Plaintiff's complaint is dismissed without prejudice to refiling in the Eastern District of California.

IT IS SO ORDERED.

Dated: 11/16/2010

CLAUDIA WILKEN
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

BUZA et al,

   Plaintiff,

v.

CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILIT et al,

   Defendant.

Case Number: CV10-04604 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 16, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

National Psychoanalytic Socialist Movement, The
1060 Howard St.
San Francisco, CA 94103

Mark S Buza
1060 Howard Street
San Francisco, CA 94103

Dated: November 16, 2010

    Richard W. Wieking, Clerk
    By: Nikki Riley, Deputy Clerk

5